# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE CARTMILL, et al., <br><br> Plaintiffs, <br> vs. <br><br> SEA WORLD, INC., et al., <br><br> Defendants. | CASE NO. 10CV00361 DMS (POR) <br><br> **ORDER DENYING DEFENDANT'S MOTION FOR STAY OF TRIAL COURT PROCEEDINGS PENDING APPEAL** |

Pending before this Court is Defendant Sea World, Inc.'s (herein, "Defendant") motion for stay of trial court proceedings pending appeal. For the following reasons, the motion is denied.

## I.
## BACKGROUND

On November 21, 2009, Plaintiff Jane Cartmill and three other individuals staged a demonstration in front of the entrance to Sea World. (First Amended Complaint ("FAC") ¶¶ 27-29, 33-34.) The individuals were approached by Sea World security officers and were told to leave or face arrest. (*Id.* at ¶¶ 36-38.) When they refused to leave, the Sea World security officers called the San Diego Police Department. (*Id.* at ¶ 39.) Two police officers arrived and informed Plaintiff and the others they needed to leave or they would be arrested, causing the individuals to leave the Sea World premises. (*Id.* at ¶¶ 42-47.) Plaintiffs filed a Complaint in the instant action on February 16, 2010. (Doc. 1). On July 26, 2010, Defendant Sea World, Inc. filed the instant motion to stay this Court's

proceedings in this action pending the Ninth Circuit Court of Appeals' resolution of another pending matter. (Doc. 8.) Plaintiff subsequently filed the FAC. (Doc. 10.)

Defendant filed the instant motion to stay pending the Ninth Circuit Court of Appeals' resolution of the appeal from the Judgment entered in *Kuba v. Sea World Inc.*, 07cv1274 MMA (POR) (the "*Kuba* action"). (Cole Decl. Exs. C, D.)[1]  In the *Kuba* action, Plaintiffs Alfredo Kuba and San Diego Animal Advocates filed a Complaint relating to a protest they participated in near the entrance to Sea World on March 31, 2007. (Plaintiffs' RJN Ex. C at 2.) Sea World security officers confronted the group of approximately twenty individuals and informed them they were on private property and had to leave or face arrest. (*Id*.) The demonstrators then left the property. (*Id*.) The San Diego Police were not called. (*Id*.) Plaintiffs in the *Kuba* action filed a Complaint on July 13, 2007, alleging violations of the Federal Civil Rights Act, 42 U.S.C. § 1983, and other state law claims. (*Id*. at 1.) On June 5, 2009, the Court issued an Order granting Defendant's motion and denying Plaintiffs' motion for summary judgment on the basis that Plaintiffs had not shown sufficient state action to support a claim under 42 U.S.C. § 1983. (*Id*.)

## II.

## DISCUSSION

### A.  Legal Standard

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among these competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of

---

[1] In support of its motion for a stay, Defendant submitted the Declaration of William L. Cole, attaching as exhibits documents filed in this and other court proceedings. (Doc. 8.) In reply, Defendant also submitted a request for judicial notice of an additional court filing. (Doc. 16.) As these documents are matters of public record properly subject to judicial notice pursuant to Federal Rule of Evidence 201, the Court grants Defendant's request and takes judicial notice of such documents. The Court also grants Plaintiffs' request for judicial notice of certain court filings filed in opposition to Defendant's motion for a stay. (Doc. 15.)

issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55).  The party moving for a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Landis*, 299 U.S. at 255.

**B.  Possible Damage From Stay**

Defendant argues Plaintiffs will not be damaged by a stay of these proceedings because this action and the *Kuba* action involve precisely the same legal issues, all key discovery has already been conducted, and Plaintiffs' free speech rights will not be impacted by a stay.  Plaintiffs argue they will in fact be harmed because the stay would cause delay for an indefinite period of time, hamper their need for additional discovery, and allow Sea World to continue its free-speech violations.

The potential length of a stay is a relevant consideration in determining whether to grant it. *Keshishzadeh v. Arthur J. Gallagher Serv. Co.*, Nos. 09cv168 LAB (RBB), 09cv1273 LAB (RBB), 2010 WL 1904887, at *2 (S.D. Cal. May 12, 2010).  Here, although the *Kuba* action on appeal is fully briefed, a date for oral argument has not yet been set and it is likely that such hearing will not occur for many months, and a decision not issued for many more months.  *See Richards v. Ernst & Young LLP*, No. 08cv4988 JF (HRL), 2010 WL 682314, at *4 (N.D. Cal. Feb. 24, 2010).  Accordingly, the potential length of a stay in the present action creates the increased possibility of damage to Plaintiffs and weighs against its imposition.

Plaintiffs also argue, particularly in light of the indefinite length of any stay to be granted in this case, there is a risk of evidence being lost or witnesses forgetting relevant facts or relocating outside of the Court's jurisdiction.  They claim they will need additional discovery not conducted in relation to the *Kuba* action because the actions relate to two separate incidents which occurred more than two years apart and discovery from the City of San Diego, which was not a party to the *Kuba* action, will be necessary.  Consideration of these factors goes against granting a stay of the instant action pending resolution of the *Kuba* action on appeal.

**C.  Hardship or Inequity In Going Forward**

Defendant argues it will suffer substantial hardship if the stay is not granted in that it will be

required to spend additional time and resources litigating the instant action, the issues in which may be substantially or completely limited as a result of the Court of Appeals' decision in the *Kuba* action. Plaintiffs assert this is insufficient hardship to warrant the imposition of a stay and Defendant has provided no evidence that the increased costs of litigation would in fact be a hardship for it. While the possibility of duplicative costs in proceeding with a litigation may justify the imposition of a stay in some cases, the Court does not find that such hardship warrants a stay here.

**D.     Course of Justice**

Defendant claims granting a stay will promote the orderly course of justice because the claims and legal issues in the instant action and the *Kuba* action are virtually identical and involve the same fundamental question: "does Sea World's enforcement of its no-trespassing policy constitute state action such that Sea World may be liable for violations of the right to freedom of speech?" (Mot. for Stay at 7.) Defendant further argues final judgment in the *Kuba* action will have a collateral estoppel and/or res judicata effect on many or possibly all issues in the present action. Plaintiffs argue in response that the Court of Appeals' determination in the *Kuba* action will not be binding on the Court in the instant action because the actions involve two separate free speech violations, the instant action states a new claim against the City regarding its ordinance concerning free speech, and the involvement of the police in the instant action changes the analysis as to state action under the Section 1983 claim. Defendant counters that the fact that police enforce a private property owner's rules regarding access to its property does not convert the private action into state action. However, a determination as to whether there is sufficient state action to support a claim for violation of Section 1983 must be made on a case-by-case basis. *See Sutton v. Providence St. Joeseph Med. Ctr.*, 192 F.3d 826, 836 (9th Cir. 1999). Here, although the Court of Appeals' decision in the *Kuba* action may affect this Court's resolution of the instant action, the Court does not find that the issuance of a stay pending resolution of the appeal is necessary to promote the orderly course of justice. There are sufficient differences in the factual and legal issues raised in the two actions to warrant their independent progression.

//

//

## III.

## CONCLUSION

For the foregoing reasons, Defendant's motion for stay of trial court proceedings pending appeal is denied.

**IT IS SO ORDERED.**

DATED:  November 5, 2010

_____
HON. DANA M. SABRAW
United States District Judge